IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NOOR AHMED HUSSEIN,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION
CENTER, et al.,

Respondents.

8:26-CV-346

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner alleges that he was detained on December 8, 2025, and that his continued detention is unlawful. *See* filing 1 at 4. The Court will deny his petition.[1]

---

[1] The government argues that the Court should not reach the merits of the petitioner's successive petition under the "abuse of the writ" doctrine. Filing 8 at 5-7. The abuse-of-writ doctrine is founded on the equitable nature of habeas corpus. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion), *superseded by statute*, 28 U.S.C. § 2244; *see also United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Under 28 U.S.C. § 2244, successive habeas petitions from petitioners subject to criminal custody are generally barred, except in rare circumstances. *See, e.g., Boumediene v. Bush*, 553 U.S. 723, 774 (2008).

But the petitioner was not detained following any criminal proceeding, so § 2244 doesn't strictly apply. And the petitioner isn't seeking to relitigate the statutory issue upon which his previous petition was dismissed—rather, he contends that his ongoing detention is a violation of his constitutional rights. *See* filing 1. Given the "equitable principles" informing both the writ and the doctrine of its abuse, the Court, in its discretion, will evaluate the merits of the pending successive petition. *See McCleskey*, 499 U.S. at 490.

The petitioner is a citizen of Somalia who entered the United States near San Ysidro, California on or about July 6, 2022. Filing 10 at 3. He was picked up by the Border Patrol soon after, paroled into the United States, and placed in removal proceedings. Filing 10 at 3. But in December 2025, he was turned back to the United States at the Pembina, North Dakota port of entry by Canadian officials after crossing the Canadian border between ports of entry. Filing 10 at 3. He was detained by immigration officials and served with an administrative warrant and notice to appear. Filing 10 at 3; filing 10-1; filing 10-2. An immigration judge denied his request for a bond hearing and ordered his removal from the United States. Filing 10 at 3-4. His appeal from that removal order remains pending. Filing 10 at 4.

Unfortunately, by crossing an international border and being presented again at a port of entry, the petitioner placed himself squarely within the mandatory detention provision of 8 U.S.C. § 1225(b)(2). His parole automatically terminated when he left the United States. 8 C.F.R. § 212.5(e)(1). And for the reasons explained by the undersigned in *Barrow v. Noem*, No. 0:26-CV-1029, 2026 WL 445500 (D. Minn. Feb. 17, 2026), the petitioner was an "arriving alien" who was "seeking readmission" to the United States withing the plain meaning of § 1225 even before the Eighth Circuit's construction of that statute in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

The petitioner's primary argument is that his extended detention since December 2025 violates the Due Process Clause. *See* filing 1. But generally, the Due Process Clause permits the government to detain an alien for as long as deportation proceedings are still pending and removal in the reasonably foreseeable future remains a possibility. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). And because the petitioner was detained at a border crossing, his continued detention pursuant to § 1225(b)(2) is consistent with due process.

*See Barrow*, 2026 WL 445500, at *2 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)).[2]

IT IS ORDERED:

1.      The petition for writ of habeas corpus is denied.

2.      A separate judgment will be entered.

Dated this 29th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] The Court does not foreclose the possibility that under some circumstances, for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to 1225(b)(2)(A) could violate due process. *See Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026)). But the petitioner's liberty interest in this case is that of an applicant for readmission detained at the international border. And "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quotations omitted) (citing *Mezai*, 345 U.S. at 215).

3